IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,                    :
                                      :    Cr. I.D. No. 1805011554
      v.                              ;
                                      :
BRENT M. HARRIS, SR.,                 :
                                      :
      Defendant.                      :

Submitted: April 8, 2019
Decided: April 11, 2019

**ORDER**

Upon Defendant's Motion to Suppress.
*Denied.*

Sean A. Motoyoshi, Esquire of the Department of Justice, Dover, Delaware; attorney for the State.

Suzanne MacPherson-Johnson, Esquire of the Office of the Public Defender, Dover, Delaware; attorney for the Defendant.

WITHAM, R.J.

## INTRODUCTION

Presently before the Court is Defendant Brent M. Harris (hereinafter "Defendant") and his Motion to Suppress.[1] After carefully considering the Defendant's motion, the State's response in opposition, and oral arguments made at the suppression hearing, it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On May 18, 2018 at approximately 5:50 p.m., Delaware State Trooper Corporal Demalto (hereinafter "Cpl. Demalto"), observed a light blue Buick Le Sabre with a Maryland registration, traveling westbound on Delaware State Route 42 (hereinafter "Route 42") west of Cheswold, Delaware. Cpl. Demalto was on the lookout for a Buick that matched that description from a report that it had been previously observed by the members of the Governor's Task Force at a Wal-Mart located at 36 Jerome Driver, in Dover, Delaware, as part of an ongoing criminal drug investigation.[2]

2. As Cpl. Demalto began to follow the Buick, he observed that it was following a preceding Sports Utility Vehicle (hereinafter "SUV") "within a

---

[1] At the hearing, both the Defendant and the State agreed that the only issue that the Defendant raises in his motion is in regard to the lawfulness of the traffic stop conducted by Cpl. Demalto. Accordingly, the Court's order will concern itself only with that issue.

[2] Cpl. Demalto testified at the suppression hearing that references to that criminal investigation were omitted from his report regarding the Defendant's traffic stop and subsequent arrest in an attempt to not compromise that investigation.

dangerously close proximity."[3] Cpl. Demalto testified that he estimated that the Buick was less than one car length from the SUV, consistently tapping his brakes, and swerving from side to side.

3. After approximately four miles, Cpl. Demalto observed the Buick pass the SUV on its right hand side as the SUV was attempting to make a left hand turn, without utilizing its right turn signal. As a result of this, and his previous observations, Cpl. Demalto initiated a traffic stop on the Buick. As a result of the traffic stop, the Defendant, the driver and sole occupant of the Buick, was arrested and charged with, amongst other drug related charges: (1) 1 count of Following a Vehicle Too Closely, a violation of 21 *Del. C.* § 4123; and (2) 1 count of No Turn Signal, a violation of 21 *Del. C.* § 4155.[4]

4. The Defendant subsequently filed this untimely motion to suppress on February 11, 2019, moving to suppress all evidence seized as a result of Cpl. Demalto's alleged illegal search.[5] The State's response in opposition was filed on March 12, 2019. A suppression hearing, including oral arguments, was held on April

---

[3] Police Report, Cpl. Demalto, May 18, 2018.

[4] The Defendant was also charged with various drug offenses as the result of the traffic stop including: (1) 1 count of Drug Dealing, a felony, in violation of 16 Del. C. § 4752(1); (2) 1 count of Aggravated Possession, a felony, in violation of 16 Del. C. § 4752(3); (3) 1 count of Possession of Drug Paraphernalia, a misdemeanor, in violation of 16 Del. C. § 4771(a); (4) 1 count of Possession of Marijuana, a civil violation, in violation of 16 Del. C. § 4764©. These charges are not presently challenged by the Defendant.

[5] *See* D. Mot. to Suppress (This Court granted the Defendant's motion to file out of time on February 15, 2019.).

*State v. Brent M. Harris, Sr.*
Cr. I.D. No. 1805011554
April 11, 2019

8, 2019 and the Court reserved its decision at that time.

## PARTIES CONTENTIONS

5. The Defendant argues that the traffic stop conducted by Cpl. Demalto was pretexual and made in furtherance of a criminal investigation and surveillance associated with that investigation, rather than any traffic infraction observed by Cpl. Demalto. He specifically argues that since Cpl. Demalto had no probable cause to believe the Defendant had violated a traffic law, the stop was not reasonable or justified and any evidence seized as a result must be suppressed.[6]

6. The State, in opposition, contends that Cpl. Demalto developed a reasonable, articulable suspicion to stop the Defendant's vehicle based on his observations of the Buick following at an unsafe distance behind the SUV and swerving side to side on Route 42.[7]

## STANDARD OF REVIEW

7. On a motion to suppress evidence seized during a warrantless search, the State bears the burden of establishing that the challenged search or seizure did not violate the rights guaranteed a defendant by the United States Constitution, the

---

[6] *Id.* at ¶ 6.

[7] St. Reply at ¶ 5 (At the hearing, Cpl. Demalto testified that the Defendant's failure to utilize a turn signal while passing the SUV was further grounds for the traffic stop. The State further argued that failure on behalf of the Defendant, further established reasonable grounds that the traffic stop was lawful.).

4

Delaware Constitution, and Delaware statutory law.[8] The burden of proof on a motion to suppress is proof by a preponderance of the evidence.[9]

## DISCUSSION

8. Based upon the narrowing of the issues raised at the suppression hearing, the Court's sole task today is to determine whether Cpl. Demalto developed reasonable, articulable suspicion to conduct a lawful traffic stop of the Defendant on May 18, 2018. Here, the Court finds that he did have such reasonable, articulable suspicion and, thus, the traffic stop was lawful.

9. A traffic violation, even if minor, is justification for a traffic stop and arrest.[10] However, the traffic stop must be supported by reasonable, articulable suspicion of criminal activity.[11] Violation of traffic laws constitutes such a reasonable, articulable suspicion.[12]

10. At a suppression hearing, the trial judge sits as the trier of fact, and

---

[8] *State v. Coursey*, 136 A.3d 316, 321 (Del. Super. 2016) (citing *Hunter v. State*, 783 A.2d 558, 560–61 (Del. 2001).

[9] *Id.*

[10] *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

[11] *Howard v. State*, 931 A.2d 437, 2007 WL 2310001, at *2 (Del. 2007) (Table); *see also* 21 *Del. C.* § 802 (authorizing a police officer "to make an administrative stop for purposes of enforcing a civil traffic statute, upon a reasonable and articulable suspicion that a violation of such statute has occurred.").

[12] *Id.*

5

determines the credibility of witnesses.[13] In this case, Cpl. Demalto testified that after acquiring the Buick, he observed the Defendant's previously mentioned traffic violations. In Delaware, that constitutes reasonable, articulable suspicion.[14]

11. Because the Court concludes Cpl. Demalto was authorized to stop the Defendant based on suspected traffic violations that he observed, this Court need not address the Defendant's pretexual argument. As this Court stated in *State v. Rickards*, "as long as [an] officer is making the traffic stop based on a violation of the traffic code that he has observed, any pretexual reason or actual motivations that might also be involved in the officer's actions are irrelevant."[15]

12. Assuming arguendo that the Court did consider the Defendant's pretexual argument, our Supreme Court has stated that the "determination of reasonable suspicion must be evaluated in the context of the totality of the circumstances as viewed through the eyes of a reasonable, trained police officer in the same or similar circumstances, combining objective facts with such an officer's subjective interpretation of those facts."[16]

13. Under that standard, the Court would still find that Cpl. Demalto, a nine year law enforcement veteran, had reasonable, articulable suspicion to stop the

---

[13] *State v. Brinkley*, 2013 WL 1225869, at *2 (Del. Super. Feb. 19, 2013) (citing *Turner v. State*, 957 A.2d 565, 570–71 (Del. 2008)).

[14] *See* Supra n.12.

[15] *State v. Rickards*, 2 A.3d 147, 151-52 (Del. Super. 2010) *aff'd* 30 A.3d 782 (Del. 2011).

[16] *Jones v. State*, 745 A.2d 856, 861 (Del.1999).

6

*State v. Brent M. Harris, Sr.*
Cr. I.D. No. 1805011554
April 11, 2019

Defendant when he saw the Defendant's vehicle following too closely to the SUV in violation of 21 *Del. C.* § 412 and failing to use his turn signal in violation of 21 *Del. C.* § 4155. Thus, the Court must deny the Defendant's motion.

## CONCLUSION

14. Based on the foregoing reasons, the Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:   Prothonotary
cc:   Sean A. Motoyoshi, Esquire
       Suzanne MacPherson-Johnson, Esquire